IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED 05 APR 25 PM 4:0

ROBERT R. DI...
CLERK, U.S. DI... ..T.
W.D. OF TN, MEMPHIS

JIMMIE LEE COX, JR.,

    Plaintiff,

v.    No. 04-2004 B

CAMBRIDGE AIR SYSTEMS, INC.,

    Defendant.

---

## ORDER OF DISMISSAL WITH PREJUDICE

---

On April 4, 2005, this Court entered an order directing the Plaintiff, Jimmie Lee Cox, Jr., to show cause why this matter should not be dismissed pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure for failure to comply with orders of the Court and for failure to prosecute. In its April 4 order, the Court noted as follows:

> On March 24, 2005, Magistrate Judge S. Thomas Anderson entered a report and recommendation in which he stated that the Plaintiff, Jimmie Lee Cox, Jr., had failed to attend a hearing before the magistrate judge on February 24, 2005. Based on the Plaintiff's failure to appear, the Judge Anderson entered an order on February 25, 2005 directing Cox to show cause why sanctions should not be imposed. Although the Court forwarded a copy of the show cause order to the Plaintiff's listed address by certified mail, Cox completely failed to respond. Accordingly, the magistrate judge recommended that the Court "should consider the imposition of sanctions, including dismissal of the case, on Plaintiff." (Report and Recommendation at 2.)

(Order to Show Cause Why Case Should Not Be Dismissed at 1.) The Court instructed Cox to respond to the show cause order within 11 days of the entry thereof, admonishing him that "failure to respond to the Court's directive within the time period specified herein will result in dismissal." (Order to Show Cause Why Case Should Not Be Dismissed at 1.) According to the Court's docket, no filings have been made by the Plaintiff since entry of the show cause order.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-26-05

(26)

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was

2

ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has violated the directives of this Court by failing to appear at Court proceedings and by failing to respond to show cause orders. In short, the Plaintiff is making no effort to move this case forward. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on the Defendant. In addition, the Plaintiff has been advised in no uncertain terms that failure to respond to the Court's directives will result in dismissal of his claims. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 25th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:04-CV-02004 was distributed by fax, mail, or direct printing on April 26, 2005 to the parties listed.

---

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Charles W. Hill
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jimmie Lee Cox
3030 Parker Road
Memphis, TN 38109

Honorable J. Breen
US DISTRICT COURT